JOYCE MULVEHILL, APPELLANT, v. DEPARTMENT OF IN-
STITUTIONS AND AGENCIES, DIVISION OF PUBLIC
WELFARE, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1972—Decided October 5, 1972.

Before Judges LEWIS, CARTON and MINTZ.

*Ms. Ann Mufson* argued the cause for appellant (Middlesex County Legal Services, attorney).

*Mr. Michael S. Bokar,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

PER CURIAM. Claimant, appellant herein, a welfare recipient, sought to recover certain back rent payments which she alleged the Middlesex County Welfare Board had wrongfully failed to grant. She appeals to this court from the determination of the State Division of Public Welfare affirming the county board's decision.

Appellant and her six children have received welfare assistance under the Aid to Families with Dependent Children program (AFDC) since May 1967. In May 1968 the county board determined that appellant's parents, then legally responsible relatives under *N. J. S. A.* 44:1–140, were able to contribute $94.50 a month for the support of their daughter and grandchildren. On the ground that ap-

pellant and the children resided with her parents rent-free in the father's home, appellant received no assistance payments for rent.

In February 1969 the New Jersey statute relating to legally responsible relatives was amended to no longer require appellant's parents to support her and the children. The county board, however, did not inform appellant or her parents of the change in the law. The parents continued to provide appellant and the children with cost-free shelter as well as the $94.50 a month in support up to and beyond May 1971, when appellant was rebudgeted and her grant increased. Despite regulations requiring county welfare boards to review each recipient's budget every six months, the county board failed to review appellant's grant from May 1968 to May 1971.

A fair hearing was held before the Division of Public Welfare of the Department of Institutions and Agencies on June 23 and July 27, 1971. There appellant sought retroactive rental payments for a six-month period prior to May 1971, the date her allowance was increased, in order to reimburse her father. Although the Division expressed the view that the county board should inform recipients of changes in law affecting entitlement to benefits, it found that appellant was under no contractual or other duty to repay her parents for the shelter they provided without charge. Nor, it concluded, was the State required by statute to award her retroactive benefits in order that she might voluntarily reimburse her parents. The panel therefore denied her claim for retroactive shelter payments. It is this ruling which is the subject of this appeal.

The Division acknowledges that the payments for shelter would have been in order if the evidence showed appellant was compelled to make payments during the period in question.

There are no verbatim transcripts of the hearings and the report of the agency decision is a sparse one. It appears that there was some testimony that the mother and father did

not provide the shelter voluntarily and appellant intended to use corrective shelter payments to reimburse them. Against this is the assumption on the part of the Division that had the parents been aware of their new freedom from the obligation of legally responsible relatives, they would, nevertheless, have continued to provide shelter without charging rent.

This assumption on the part of the Division does not seem to be an adequate basis for the decision to deny retroactive corrective payments for the shelter costs. To permit the county welfare board to escape what would certainly have been its duty had it faithfully revaluated appellant's status would seemingly thwart the intention of the Legislature of freeing relatives above a designated age from financial responsibility.

Although the record is not as clear as we would like it, we conclude that it warrants a determination that appellant is entitled to recover retroactive rental payments for the six-month period prior to May 1971 in accordance with her request and stipulated claim of $1490 at the fair hearings.

The order appealed from is reversed and the county welfare board directed to pay plaintiff the amount of the shelter costs for the six-month period prior to May 1, 1971.